WRIGHT et al. v. ROBERTSON.
(No. 76–2846.)

(Commission of Appeals of Texas, Section A.
June 21, 1919.)

TRESPASS TO TRY TITLE ☞41(1)—EVIDENCE
—SUFFICIENCY.

In trespass to try title by plaintiff, as one of five heirs of patentee of land in L. county, to recover an undivided one-fifth interest in two tracts therein, evidence *held* to conclusively show the partition of ancestor's estate, and that plaintiff had received land in R. county equaling or exceeding his interest as an heir, so that trial court properly directed a verdict for defendants.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Trespass to try title by S. C. Robertson against L. A. Wright and others. Judgment for defendants in the trial court on a directed verdict, and from a judgment of the Court of Civil Appeals (174 S. W. 627), reversing and remanding, defendants bring error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

Ferguson & Pickett and G. C. Groce, all of Waxahachie, and Harry L. Patton, of Clovis, N. M., for plaintiffs in error.

Bean & Klett, of Lubbock, for defendant in error.

SONFIELD, P. J. Defendant in error instituted this action in trespass to try title, seeking to recover an undivided one-fifth interest in two certain tracts of land in Lubbock county. The trial court directed a verdict for plaintiffs in error, and judgment was duly entered in their favor. On appeal, the judgment of the trial court was reversed, and the cause remanded. Robertson v. Talmadge et al., 174 S. W. 627.

In 1841 a headright certificate was issued to James R. Robertson for a league and labor of land. Some time during the year 1847 approximately 4,043 acres of this certificate were located in Robertson county, in two contiguous surveys, and the remainder of the certificate was located in 1850. In June, 1878, an unlocated balance certificate was issued for 1,892 acres, which was located in Lubbock county and patented to James R. Robertson. The 830 acres in controversy is part of the Lubbock county location. It is admitted that defendant in error is one of the five heirs of James R. Robertson, the patentee of the Lubbock county land. Plaintiffs in error, Wright and Talmadge, hold conveyances from all the heirs, except defendant in error, to the land in controversy.

Plaintiffs in error, in their one assignment herein, urge that the undisputed evidence establishes the partition of the estate of James R. Robertson, under which defendant in error received, out of the lands in Robertson county, more than sufficient to cover his interest in the estate, and that the land located in Lubbock county was in virtue of that part of the headright certificate set apart to the other heirs, through whom plaintiffs in error claim. Upon an examination of the record, we have concluded the assignment should be sustained.

The record discloses that administration was had upon the estate of James R. Robertson, in Robertson county; that therein a petition for partition was filed, partition ordered, and commissioners of partition appointed. The

records of Robertson county do not show a report of the commissioners, nor a decree of partition. The deposition of J. H. Walker, chief clerk of the general land office, was introduced. Attached to this deposition were various exhibits. These exhibits were objected to, and the Court of Civil Appeals held them admissible as tending to establish the partition. Walker testified directly to the fact of partition, and an allotment therein to defendant in error of lands in Robertson county sufficient to cover his interest in the lands patented in virtue of the headright certificate. His testimony was not objected to and is uncontroverted. Walker's deposition, independent of the exhibits, conclusively establishes the partition, and that therein defendant in error was allotted his share in the land.

There is evidence of two deeds executed by defendant in error conveying parts of the Robertson county land; and defendant in error, testifying by deposition, did not deny the fact of partition or allotment to him of his share in the estate. In the condition of the record, we are of opinion that the evidence conclusively establishes the partition of the estate, and that defendant in error received land in Robertson county equaling or exceeding his interest as an heir in said estate. It follows that the trial court properly directed a verdict for plaintiffs in error.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.